IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LESTER M. WARREN, Executor of the : No.  4:07-cv-188
Estate of Barbara J. Warren, and Lester M. :
Warren in his own right, :
                Plaintiffs, : Judge Jones
                 :
         v. :
                 :
LAURALEE B. BAKER, ESQUIRE, :
*et al.,* :
           Defendants. :

## MEMORANDUM AND ORDER

**August 7, 2007**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion to Dismiss Plaintiff's Claims filed by

Defendants Louis E. Bricklin, Esquire and Bennet, Bricklin & Saltzburg, LLP (the

"Motion")(doc. 14) filed on June 20, 2007.

For the following reasons, the Motion (doc. 14) will be granted.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**:

Plaintiff Lester M. Warren ("Plaintiff") commenced this action pursuant to 42

U.S.C. § 1983 by filing a complaint with the Court on January 31, 2007.  Plaintiff

names thirty-three defendants, including Louis E. Bricklin and Bennet, Bricklin &

Saltzburg (hereinafter "moving Defendants").

The moving Defendants filed the instant Motion and supporting brief (docs. 14 and 30) on June 20 and July 3, 2007, respectively.  Pursuant to Local Rule 7.6, a party opposing a motion shall file a responsive brief within fifteen (15) days after service of the movant's brief.  Accordingly, the Plaintiff's opposition brief was due by July 19, 2007.  To date, the Plaintiff has not filed an opposition brief. On July 18, 2007 Plaintiff filed a document entitled Plaintiff's Answer to various motions to dismiss pending in this action.  The document consisted of one paragraph, requesting the Court deny the various pending motions to dismiss and suggesting that a timely brief would be filed.  However, as noted, the time for filing a brief has passed, and the Plaintiff has not filed the promised opposition brief.  It should be noted that Plaintiff did not request additional time to file a responsive brief. Pursuant to L.R. 7.6, when an opposing party fails to file a responsive brief, the Court shall deem the motion as unopposed.

Plaintiff, individually and in his capacity as Executor of the Estate of Barbara J. Warren, instituted an action in the Court of Common Pleas of Dauphin County in March 2004 against 13 named Defendants (hereinafter "State Court Action").  See *Lester M. Warren, et al. v. Mark E. Folk, D.O., et al.*, Case No. 2004 cv 2081, Dauphin County.  The State Court Action was a medical malpractice/wrongful death claim.  The Honorable Bruce F. Bratton, of the Court of Common Pleas of

2

Dauphin County, presided over the State Court Action.[1]

Plaintiff's complaint contains lengthy factual allegations, therefore we shall only recite the facts as they pertain to the moving Defendants.  Plaintiff alleges that the moving Defendants, who represented the Pennsylvania Farm Bureau in the State Court Action, filed preliminary objections in the State Court Action and in doing so "provided no citations of law to support their allegations.  **THE WB DEFENDANTS'** [referring to the moving Defendants] **STATEMENTS CONSTITUTE LIES, PERJURY AND FRAUD!**" (Compl., ¶ 140)(emphasis in original).  Plaintiff further alleges that "there can be no doubt that the actions taken by all defendants, in this action, were in concert and were part of a continuing conspiracy to deprive plaintiff of his constitutional statutory rights."  (Compl., ¶ 141).

As noted, in the State Court Action, the moving Defendants represented the Pennsylvania Farm Bureau, a third party payer.  Judge Bratton granted the moving Defendants' preliminary objections to the Plaintiff's State Court Action complaint, however he also allowed Plaintiff to file an amended complaint.  Plaintiff thereafter filed an amended complaint, to which the moving Defendants, once again as

---

[1] Judge Bratton was named as a Defendant in this action.  By Memorandum and Order dated July 27, 2007, we dismissed the action as against Judge Bratton for the reasons stated therein.  (Rec. Doc. 35).

counsel for the Farm Bureau, filed additional preliminary objections.  Judge Bratton

sustained those preliminary objections.

In the complaint filed in the instant matter, Plaintiff's first cause of action is

styled as "Federal Civil Rights Violations."  Plaintiff alleges that:

> As a direct and proximate result of all Defendants' conduct,
> committed under color of state law, Plaintiff was deprived of his right
> to appeal, which is rendered a nullity by the dismissal of certain
> defendants from the wrongful death case, and of his property rights
> including damages for wrongful death case, by the vexious and biased
> acts of Defendants which needlessly and deliberately increased the
> cost of litigation, and of his right to due process and equal protection
> of the law.  AS a result, Plaintiff suffered and continues to suffer harm,
> in violation of his rights under the laws and Constitution of the United
> States, in particular the Fourteenth Amendment thereof, and 42 U.S.C.
> Sec. 1983.

(Compl., ¶ 179).

Plaintiff further alleges that "[a]ll Defendants are guilty of committing the

crimes enumerated in 18 U.S.C. Sec. 242 (and related Sec. 241)," and that:

> other state and federal crimes have been committed by Defendants,
> including Abuse of Office, Obstructing Administration of law or other
> governmental function, Mail fraud, Obstruction of justice, Perjury,
> Unsworn falsification to authorities, Racketeering, Racketeer
> Influenced and Corrupt Organizations (RICO), and, possibly, Bribery.

(Compl., ¶¶ 181-182).

Plaintiff's second cause of action is styled "Supplemental State Claims."

Plaintiff alleges at Paragraph 186 that the Court has supplemental jurisdiction to

hear and adjudicate his claims for negligence, gross negligence and "equivalent

portions of the Pennsylvania Constitution violated, to those violated in the Federal

Constitution." (Compl., ¶186). Furthermore, under the second cause of action,

Plaintiff seeks specified damages in the amount of $150 million for compensatory

damages and $25 billion in punitive damages.

**STANDARD OF REVIEW**:

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a

court must accept the veracity of a plaintiff's allegations.  See Scheuer v. Rhodes,

416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir.

1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for

the Third Circuit added that in considering a motion to dismiss based on a failure to

state a claim argument, a court should "not inquire whether the plaintiffs will

ultimately prevail, only whether they are entitled to offer evidence to support their

claims."  Furthermore, "a complaint should not be dismissed for failure to state a

claim unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S.

41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d5 310 (3d Cir.

1986).

**DISCUSSION**:

Although we are entitled to deem the Motion unopposed due to Plaintiff's failure to file an opposing brief in conformity with L.R. 7.6, we shall undertake a brief merits analysis of the Motion for the sake of completeness.   The moving Defendants argue that this action must be dismissed pursuant to the Rooker-Feldman Doctrine and because Plaintiff has failed to state a claim upon which relief can be granted.

A.      **Rooker-Feldman Doctrine**

It is well-settled that federal courts lack jurisdiction to review state court judgments where the relief sought is in the nature of appellate review.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Blake v. Papdakos, 953 F.2d 68, 71 (3d Cir. 1992).  Pursuant to the Rooker-Fldman doctrine, a federal district court should decline to exercise jurisdiction over "federal question" claims when those federal claims have been or could have been the subject of state court proceedings which culminated in a state court decision.  For a federal district court to exercise jurisdiction under such circumstances would be tantamount to reviewing the final judgment of a state court, which power lies exclusively in the Untied States Supreme Court by application for writ of certiorari under 28 U.S.C. § 1257.  See E.B. v. Verniero, 119 F.3d 1077, 1090-91 (3d Cir. 1997), cert. denied, 522 U.S.

6

1110 (1998).

Courts have applied the doctrine and thereby precluded jurisdiction over actions in federal court in two circumstances: (1) if the claim was "actually litigated" in state court prior to the filing of the federal action; or (2) if the claim is "inextricably intertwined" with the state adjudication. <u>Feldman</u>, 460 U.S. at 483-484, n. 16. A claim is "inextricably intertwined" when "federal relief can only be predicated upon a conviction that the state court was wrong." <u>Bolus v. Cappy</u>, 141 Fed. Appx. 63 (3d Cir. 2005). Thus, the Rooker-Feldman doctrine applies to "cases brought by State-Court losers complaining of injuries caused by the State-Court judgments rendered before the District Court proceedings commenced and [which invite] District Court review and rejection of those judgments." <u>Korelis v. State of New Jersey Judicial Officials and Court Process Action</u>, 201Fed. Appx. 870 (3d Cir. 2006).

Recently, the Supreme Court confined the application of the Rooker-Feldman doctrine to those cases (1) brought by state-court losers (2) complaining of injuries caused by state court judgments (3) rendered before the District Court proceedings and (4) inviting District Court review and rejection of those arguments. <u>Allen v. PA. SPCA</u>, 2007 U.S. Dist. LEXIS 35010, *16 (M.D.Pa.)(quoting <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005)(citations

omitted).

It is apparent to the Court that the <u>Rooker-Feldman</u> doctrine operates as a bar to Plaintiff's claims against the moving Defendants.  Plaintiff, a "State-Court loser" is complaining of Judge Bratton's June 2005 decision to grant the moving Defendants' Preliminary Objections, filed on their client's behalf in the State court Action.  Plaintiff's complaint is seeking relief from this Court to review and reject the determinations made by Judge Bratton in the State Court Action, which is exactly what <u>Rooker-Feldman</u> prohibits. Accordingly, pursuant to the <u>Rooker-Feldman</u> doctrine, this Court lacks jurisdiction to review the actions of the state courts in this matter.

### B.      Whether Plaintiff States a Claim Pursuant to Fed.R.Civ.P. 12(b)(6)

Plaintiff alleges that the moving Defendants' conduct was committed under color of state law and in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.   However, Plaintiff fails completely within the complaint to allege a deprivation of rights under the Constitution or the laws of the United States.

Section 1983 provides individuals with a cause of action for violation of federal law by state actors.  <u>See</u> 42 U.S.C. § 1983.  Section 1983 does not create

substantive rights; instead it provides remedies for deprivation of rights elsewhere

conferred in the Constitution or federal laws.  Kneipp v. Tedder, 95 F.3d 1199,

1204 (3d Cir. 1996).  To establish a §1983 claim, a plaintiff must demonstrate that

(1) a violation of federal rights secured by the Constitution and the laws of the

United States occurred and (2) that the alleged deprivation was committed by a

person acting under color of state law.  Gonzaga University v. Doe, 536 U.S. 273,

284-285 (2002); Nicini v. Morra, 212 F. 3d 798, 806 (3d Cir. 2000).

A "person may be found to be a state actor when (1) he is a State Official,

(2) he has acted together with or has obtained significant aid from state officials, or

(3) his conduct is, by its nature, chargeable to the State."  Lucarelli v. Norton, 2006

U.S. Dist. LEXIS 15891, *8 (M.D.Pa. 2006).  Generally, attorneys performing their

traditional functions will not be considered state actors solely on the basis of their

positions as officers of the Court.  Id. at *11; Angelico v. Lehigh Valley Hosp., 184

F.3d 277 (3d Cir. 1999).  However, a "private individual can become a state actor

for purposes of §1983 conspiracy liability if he or she is a willful participant in joint

activity with the state or its agents."  Id. at *9-10.

In Panatoytides v. Rabenold, 35 F. Supp. 2d 411 (E.D. Pa. 1999), the

district court explained that:

The test for determining state action requires a showing of

9

conspiratorial or other concerted action . . . A plaintiff must make specific factual allegations of combination, agreement, or understanding among all or between any of defendants to plot, plan or conspire to carry out the alleged chain of events.  Only allegations of conspiracy which are particularized, such as those addressing the period of conspiracy, the object of the conspiracy, and certain other action of the alleged conspirators taken to achieve that purpose will be deemed sufficient . . . Further, agreement is the *sine qua non* of a conspiracy.

<u>Panayotides,</u> 35 F. Supp. 2d at 419.

Upon a review of the complaint and taking all of the allegations therein as true, Plaintiff alleges no facts which show any conspiratorial relationship between the moving Defendants and any state actors which were alleged to have deprived him of his constitutional rights.  It is clear that the moving Defendants are a private parties, not government officials, that were privately retained in the underlying State Action.  The moving Defendants' activity in representing the Pennsylvania Farm Bureau did not constitute any violation of the Plaintiff's civil rights.  Accordingly, because the moving Defendants were not acting under color of state law, Plaintiff has failed to state a federal claim against them.

Additionally, Plaintiff has likewise failed to allege a state claim for "negligence and gross negligence" against the moving Defendants.  (Compl., ¶186). Plaintiff's contention against the moving Defendants is that they filed preliminary objections in the State Court Action, which were subsequently granted by Judge

10

Bratton.  Taken on its face, there is no construction of this conduct that translates into "negligence and gross negligence."  Put another way, the moving Defendants were simply fulfilling their professional obligation to a client. They should not have been dragged into the instant suit, and it is unfortunate that Plaintiff did so. As such, these claims shall be dismissed for failure to state a claim upon which relief can be granted. It is most unfortunate that moving Defendants have been forced to expand the resources necessary to litigate their way out of this case, but in any event we will now put an end to it, at least from their perspective.

## CONCLUSION:

Accordingly, for the foregoing reasons, we shall grant the moving Defendants' Motion and dismiss the complaint as against them.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motion to Dismiss Plaintiff's Claims filed by Defendants Louis E. Bricklin, Esquire and Bennet, Bricklin & Saltzburg, LLP (doc. 14) is GRANTED.

2.      The action is dismissed as against Defendants Louis E. Bricklin, Esquire and Bennet, Bricklin & Saltzburg, LLP.

3.      The Clerk shall terminate Defendants Louis E. Bricklin, Esquire and Bennet, Bricklin & Saltzburg, LLP as parties to this action.

s/ John E. Jones III
John E. Jones III
United States District Judge