IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LESTER M. WARREN,  :
*Executor of the estate of Barbara J. Warren* :
*and in his own right,*  :
   :
      Plaintiff,  :
   :    No. 07-cv-0188
      v.  :
   :    Judge John E. Jones III
LAURALEE B. BAKER, ESQ., *et al.*  :
   :
      Defendants.  :

## MEMORANDUM AND ORDER NO. 1

October 16, 2007

Before the Court is Plaintiff Lester Warren's Motion for Reconsideration of four orders granting five motions to dismiss. (Doc. 41.) For the reasons set forth below, Warren's motion shall be denied.

### I.   BACKGROUND

Warren commenced this action on January 31, 2007 by filing a complaint against thirty-three defendants. This action arises from a state court medical malpractice and wrongful death action also instituted by Warren, and the eighteen defendants at issue here are defendants in the state court action and the attorneys and firms that represented these defendants in that action. By four separate orders

granting five motions to dismiss, these defendants were dismissed from this case. (Docs. 36-39.) Warren seeks reconsideration of each of these orders.

A.   **The Four Orders at Issue**

   1.   **Defendants Louis E. Bricklin, Esquire and Bennet, Bricklin & Saltzburg, LLP.**

By order of August 7, 2007 (Doc. 36) the Court granted the motion to dismiss of defendants Bricklin and Bennet, Bricklin & Saltzburg, LLP, who represented one of the defendants in the state court action. In this capacity, these defendants filed preliminary objections to Warren's state court complaint, which were sustained, resulting in the dismissal of the complaint. In his complaint in this action, Warren alleges that these defendants' actions in the state court case violated his federal civil rights as well as the Pennsylvania constitution and constituted various crimes, negligence, and gross negligence.

Warren failed to oppose these defendants' motion to dismiss, but the Court nonetheless considered the merits of the motion. The Court first found that Warren's claims were barred by the *Rooker-Feldman* doctrine as an attempt by an unsuccessful state-court litigant to have this court review and reject the prior decision of a state court. The Court next found that Warren failed to state a claim under 42 U.S.C. § 1982 because Bricklin and his firm are private individuals not

acting under color of state law. Finally, the Court held that Warren failed to state a claim for negligence or gross negligence based on his allegations regarding that Bricklin and his firm's representation of their client in the state court action.

> 2. **Defendants Grant H. Fleming, Esquire; Jonathan B. Stepanian, Esquire; James M. Horne, Esquire; McQuaide, Blasko, Schwartz, Fleming & Faulkner, Inc.; Stephen H. Dr. Miller, M.D.; and Hershey Medical Center/University Hospital**

By order of August 9, 2007 (Doc. 37) the Court granted the motion to dismiss of the above defendants. Dr. Miller and Hershey Medical Center/ University Hospital were defendants in the state court action, and Fleming, Stepanian, Horne, and McQuaide Blasko (the "McQuaide Blasko Defendants") represented Dr. Miller and Hershey Hospital in that action.

Following the filing of a praecipe for entry of judgment of *non pros* in the state court action by the McQuaide Blasko Defendants, the state court action was dismissed as to Dr. Miller and Hershey Hospital because of Warren's failure to file a certificate of merit. Warren's petition to strike the judgment of *non pros* was denied by the Court of Common Pleas, and this decision was upheld on appeal.

In this action, Warren alleges that these defendants (along with several state court judges who have also been dismissed from this case) conspired to deprive him of his constitutional right to petition the courts by joining in other defendants

3

motions or briefs, seeking to be removed from the caption of the state court action, and other innocuous allegations.

Warren also failed to oppose these defendants' motion to dismiss, but again the Court addressed the merits of the motion. The Court granted the defendants' motion under the *Rooker-Feldman* doctrine and because these private individuals were not acting under color of state law for purposes of Section 1983. The Court also held that Warren had failed to set forth any allegations whatsoever against Dr. Miller or Hershey Hospital.

    **3.**    **Defendants Mark E. Folk, D.O.; Margolis Edelstein; Lauralee B. Baker, Esquire; Shaun J. Mumford, Esquire; Michael C. Mongiello, Esquire; Andrew H. Foulkrod, Esquire; Foulkrod Ellis; Alice Roach, M.D.; and Marianne Webster**

By order of August 9, 2007 (Doc. 38) the Court granted two motions to dismiss filed by two groups of the above defendants. Like Dr. Miller and Hershey Hospital, Dr. Folk, Dr. Roach, and Dr. Webster were defendants in the state court action. Like the McQuaide Blasko Defendants the other above-named defendants represented Drs. Folk, Roach, and Webster in that action and obtained a judgment of *non pros* on behalf of their clients.

In this action, Warren asserted the same conspiracy claims against these defendants, and again failed to oppose the motion to dismiss. Like the claims

against Dr. Miller, Hershey Hospital, and McQuaide Blasko Defendants, the claims against these defendants were dismissed under the *Rooker-Feldman* doctrine and because these private individuals were not acting under color of state law for purposes of Section 1983. The Court also held that Warren had failed to set forth any allegations whatsoever against Drs. Folk, Roach, and Webster.

### 4. Defendant Highmark Blue Shield

By order of August 9, 2007 (Doc. 39) the Court granted the motion to dismiss of Blue Shield, which was, and continues to be, a defendant in the state court action. In that action Blue Shield proceeded with discovery, which was met with motions for protective orders from Warren. Warren's complaint in this action contains no other allegations involving Blue Shield, although Warren presumably intends to include Blue Shield as part of the alleged conspiracy against him.

Warren again failed to oppose Blue Shield's motion to dismiss. The Court granted the motion under the *Rooker-Feldman* doctrine, because Blue Shield is not a state actor for purposes of Section 1983, and because the complaint contained no allegations supporting a claim against Blue Shield.

### B. Warren's Motion for Reconsideration

Warren filed his motion for reconsideration of the above four orders on August 20, 2007. (Doc. 41.) The Court granted Warren's request for an extension

of time and gave Warren until September 10, 2007 to file a brief in support of the motion. (Doc. 42.) Warren, however, did not file a brief in support of the motion until September 14, 2007. Because Warren failed to timely support his motion for reconsideration, pursuant to Local Rule 7.5, the motion may be deemed withdrawn. Warren's brief also fails to meet the procedural requirements of Local Rule 7.8 and is well in excess of the page and word limits allowed by that rule. As yet another courtesy toward Warren, who has thus far shown none to the Court or the other parties to this action, we will nevertheless address the merits of Warren's motion.

Warren's brief repetitively explores the hornbook history of Section 1983 and rehashes the conspiracy arguments set forth in his complaint. (Pl.'s Br. at 1-15.) Warren argues that he states a claim under Section 1983 against the dismissed defendants based on his allegations that these attorneys and defendants in the state court action conspired with the judges in that action to have his complaint dismissed. (*Id.* at 6-7.) As support for this allegation of conspiracy, Warren points to the paragraphs of his complaint which state that these defendants filed for entry of judgment of *non pros* in the state court action, which was granted, and opposed Warren's efforts to strike this judgment. (*Id.* at 7-8.)

Warren dedicates six pages of his brief to enumerating "THE BIG LIE" told by defendants which he argues should subject the defendants to charges of perjury. (*Id.* at 17-22 [emphasis in original].) These "big lies" consist of Warren's disagreements regarding legal authorities cited by the defendants.[1] Finally, Warren also makes criminal accusations against these defendants and indicates that he is serving a copy of his brief on the Federal Bureau of Investigation and United States Attorney. (*Id.* at 13-14, 21).

## II. STANDARD OF REVIEW

"Reconsideration of judgment is an extraordinary remedy; therefore, such motions are to be granted sparingly." *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). Accordingly, such a motion will only be granted if the party seeking reconsideration shows at least one of the following

---

[1] Warren's ranting regarding these "big lies" is exemplary of the harassing, needlessly dilatory, and unethical nature of this motion and Warren's prosecution of this action generally. The Court strongly questions how any licensed attorney - or any litigant for that matter - could, in good faith, state that merely citing to legal authority is tantamount to perjury and violation of constitutional rights. Such an argument has no basis whatsoever in law or fact and demonstrates a thorough misunderstanding and conspicuous abuse of the legal process. Quite unfortunately, this is only one of numerous examples of such behavior on the part of the Plaintiff and his counsel in bringing and litigating this action.

grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court rendered its decision; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

## III. DISCUSSION

Warren has failed to put forth in his motion for reconsideration any ground that warrants the Court altering its prior orders. As an initial matter, "[a] motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of. Nor is it to be used to put forth additional arguments which could have been made but which the party neglected to make before judgment." *Waye v. First Citizen's Nat'l Bank*, 846 F. Supp. 310, 314 *(M.D. Pa. 1994); see also D'Angio*, 56 F. Supp. 2d at 504 ("It is somewhat audacious to ask the court to reconsider a decision because of a legal theory not properly presented for the court's initial consideration."). Notably, Warren chose not to oppose any of the five motions to dismiss filed by the defendants at issue. It is decidedly improper for him to attempt to use a motion for reconsideration to argue these motions for the first time.

Regardless, Warren's motion utterly fails on the merits. Warren does not so much as allude to the standards for granting a motion for reconsideration, and the

Court is therefore left to guess what grounds Warren may be relying on from the disjointed jumble of hornbook snippets and inflammatory accusations Warren has presented. Warren cites to no change in law, and presents absolutely no new evidence, instead relying explicitly on the allegations of his complaint which were previously before the Court. Presumably then, Warren means to argue that there is the need to correct a clear error of law or fact or to prevent manifest injustice; however, he has demonstrated no such error or injustice.

First, despite the fact that each of the five motions to dismiss at issue were granted based on the *Rooker-Feldman* doctrine, in his 22 single-spaced typed pages, Warren addresses *Rooker-Feldman* in only a few lines describing one of the "big lies" consisting of the the Margolis Edelstein defendants' correct description of the holding in *Jiricko v. Bennett, Bricklin & Satlzburg, LLP*, 321 F.Supp.2d 636 (E.D. Pa. 2004). (Pl.'s Br. at 19.) Warren argues that the *Rooker-Feldman* doctrine does not apply to the instant case because "Sec. 1983 authorizes a federal court to grant relief when a party's <u>federally protected rights</u> have been violated by a state or local official, <u>including a judge or judges</u>, or other person who acted under color of state law." (*Id.* at 20 [emphasis in original].) This statement points to no clear error in the Court's decision to dismiss this action under *Rooker-Feldman* as an attempt to re-litigate issues pressed unsuccessfully in state court.

Warren at least makes an attempt to address the Court's holding that the defendants at issue, private individuals and entities named as defendants in the state action and their attorneys, are not state actors for purposes of Section 1983. Warren argues that these defendants acted under color of state law by "corruptly conspiring" with judges who are state actors by filing motions in the state court action. (*Id.* at 7-8.) Notwithstanding that the state judges who were also named as defendants in this action by Warren have already been dismissed, merely filing motions which are granted in a state court action does not violate any constitutional right, any federal law, or any professional or ethical obligation.[2] The defendants at issue are not state actors for purposes of Section 1983.

In sum, Warren has set forth no grounds for reconsideration of the Court's four orders dismissing the claims against the at-issue defendants, but merely rehashed the allegations of his complaint and regurgitated the untoward and unsupported invectives which he has consistently mistaken as factual and legal support for his claims. Warren's motion for reconsideration shall be denied.

---

[2] One may question whether Warren and/or his attorney have violated *their* professional and ethical obligations by supporting this motion with such patently frivolous arguments.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Reconsideration (Doc. 41) is DENIED.

　　　　　　　　　　　　　　　　　　／s／ John E. Jones III
　　　　　　　　　　　　　　　　　　John E. Jones III
　　　　　　　　　　　　　　　　　　United States District Judge