IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LESTER M. WARREN, :
*Executor of the estate of Barbara J. Warren* :
*and in his own right,* :
                                            :
           Plaintiff, :
                                            :   No. 07-cv-0188
            v. :
                                            :   Judge John E. Jones III
LAURALEE B. BAKER, ESQ., *et al.* :
                                            :
          Defendants. :

## MEMORANDUM AND ORDER NO. 3

October 16, 2007

Before the Court are the motions to dismiss of Defendants Archer & Greiner, P.C., Mark J. Oberstaedt, Christopher Dolotosky, and John Kahn (collectively the "A&G Defendants) (Doc. 53) and Defendant Blue Cross Blue Shield Association ("BCBSA") (Doc. 54). These motions and the points and authorities in support thereof are essentially identical to the five motions to dismiss that have been previously granted in this case. (*Compare* Docs. 53, 54 *with* the Court's Orders of August 7 and August 9, 2007 at Docs. 36-39.) Because the Court has already determined the merits of such motions, and for the reasons set forth below, both motions shall be summarily granted.

I.  **BACKGROUND**

Plaintiff Lester Warren commenced this action on January 31, 2007 by filing a complaint against numerous defendants. This action arises from a state court medical malpractice and wrongful death action also instituted by Warren. BCBSA is a defendant in the state court action and the A&G Defendants represent BCBSA in that action. Warren alleges that BCBSA, through its attorneys the A&G Defendants, filed preliminary objections to his state court complaint, which were sustained and resulted in the complaint being dismissed. Warren alleges that BCBSA and the A&G Defendants "provided no citations of law to support their allegations. <u>THE A&G DEFENDANTS' STATEMENTS CONSTITUTE LIES, PERJURY AND FRAUD!</u>" (Compl. ¶ 136) (emphasis in original). Plaintiff further alleges that "there can be no doubt that the actions taken by all defendants, in this action, were in concert and were part of a continuing conspiracy to deprive plaintiff of his constitutional statutory rights." (Compl. ¶ 137). Warren, however, was allowed to file an amended complaint in the state court action. BCBSA also filed preliminary objections to this complaint, but such objections were overruled. Discovery has commenced, and the state court action remains ongoing.

In the complaint filed in the instant matter, levels essentially the same accusations at all of the defendants in the state court action and their attorneys.

Warren's first cause of action is styled as "Federal Civil Rights Violations." Warren alleges that:

> As a direct and proximate result of all Defendants' conduct, committed under color of state law, Plaintiff was deprived of his right to appeal, which is rendered a nullity by the dismissal of certain defendants from the wrongful death case, and of his property rights including damages for wrongful death case, by the vexious and biased acts of Defendants which needlessly and deliberately increased the cost of litigation, and of his right to due process and equal protection of the law. As a result, Plaintiff suffered and continues to suffer harm, in violation of his rights under the laws and Constitution of the United States, in particular the Fourteenth Amendment thereof, and 42 U.S.C. Sec. 1983.

(Compl. ¶ 179). Warren's "right to appeal," however, relates to claims in the state court action that were dismissed and involved only defendants other than BCBSA.

Plaintiff further alleges that "[a]ll Defendants are guilty of committing the crimes enumerated in 18 U.S.C. Sec. 242 (and related Sec. 241)," and that:

> other state and federal crimes have been committed by Defendants, including Abuse of Office, Obstructing Administration of law or other governmental function, Mail fraud, Obstruction of justice, Perjury, Unsworn falsification to authorities, Racketeering, Racketeer Influenced and Corrupt Organizations (RICO), and, possibly, Bribery.

(Compl., ¶¶ 181-182).

Warren's second cause of action, styled "Supplemental State Claims," sets forth claims for negligence, gross negligence and "equivalent portions of the Pennsylvania Constitution violated, to those violated in the Federal Constitution."

(Compl. ¶186). Under the second cause of action, Warren seeks $150 million in compensatory damages and $25 billion in punitive damages.

By four orders granting five motions to dismiss, the Court has previously dismissed from this case eighteen defendants who, like BCBSA and the A&G Defendants, were also defendants in the state court action or their attorneys. (Docs. 36-39.) The Court held that Warren's claims against such defendants are barred by the *Rooker-Feldman* doctrine as an attempt by an unsuccessful state-court litigant to have this Court review and reject the prior decision of a state court. The Court also held that Warren failed to state a claim under 42 U.S.C. § 1982 against such defendants because they are private individuals not acting under color of state law. Finally, the Court held that Warren failed to state claims for negligence or gross negligence against such defendants based merely on his allegations that the defendants filed successful pleadings in the state court action.

BCBSA and the A&G Defendants seek to have the complaint against them dismissed for the same reasons, and also add that Warren has failed to properly effectuate service on them.

## II. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations. *See Scheuer v. Rhodes*,

416 U.S. 232, 236 (1974); *see also White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990). In *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Dist. Council 47 v. Bradley*, 795 F.2d5 310 (3d Cir. 1986).

### III. DISCUSSION

BCBSA and the A&G Defendants seek to dismiss Warren's complaint on the same grounds that the Court dismissed the claims against other defendants and attorneys in the state court action. (*See* Docs. 36-39.) Because these principles also apply to BCBSA and the A&G Defendants, their motions to dismiss shall be granted.

The *Rooker-Feldman* doctrine precludes a federal court from exercising jurisdiction over those cases (1) brought by state-court losers (2) complaining of injuries caused by state court judgments (3) rendered before the District Court

proceedings and (4) inviting District Court review and rejection of those arguments. *Allen v. PA. SPCA*, 2007 U.S. Dist. LEXIS 35010, *16 (M.D. Pa.) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (citations omitted)). The *Rooker-Feldman* doctrine plainly bars Warren's claims against BCBSA and the A&G Defendants. Warren, an unsuccessful state court litigant, brings claims complaining of the state court's decision to grant BCBSA's preliminary objections in the state court action, and seeks to have this Court review and reject the state court's determination. Such claims are exactly what *Rooker-Feldman* prohibits. Accordingly, pursuant to the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to review Warren's claims against BCBSA and the A&G Defendants, and therefore these defendants' motions to dismiss shall be granted.

In addition, these defendants' motions shall be granted because Warren has failed to allege that BCBSA and the A&G Defendants acted under color of state law or violated his federally protected rights, as required to state a claim under 42 U.S.C. § 1983. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-285 (2002); *Nicini v. Morra*, 212 F. 3d 798, 806 (3d Cir. 2000). BCBSA and the A&G Defendants are clearly private parties. Taking all of the allegations of Warren's complaint as true, Warren alleges no facts which show any conspiracy between these defendants and

any state actors to deprive him of constitutionally protected rights that would subject these private defendants to Section 1983 liability. Furthermore, the actions of BCBSA and the A&G Defendants in filing successful preliminary objections in the state court action did not violate any of Warren's constitutional rights. Warren's Section 1983 claims against these defendants must be dismissed.

Warren has likewise failed to allege a claim for "negligence and gross negligence" against these defendants. Warren's allegations that BCBSA and the A&G Defendants filed preliminary objections in the state court action can, in no way, be translated into "negligence and gross negligence." As such, these claims shall be dismissed for failure to state a claim upon which relief can be granted.

Finally, Warren's complaint against BCBSA and the A&G Defendants shall also be dismissed for lack of service of process. On August 9, 2007, the Court entered an order pursuant to Federal Rule of Civil Procedure 4(m) requiring Warren to file within thirty days proof of service as to the remaining defendants in this action, including BCBSA and the A&G Defendants. (Doc. 40.) On September 4, 2007, Warren filed a "certificate of service", purporting to be proof of proper service on these defendants. (Doc. 44.) Warren attached as exhibits signed United States Postal Service certified mail receipts. (*Id.* at 2-7.) By order of September 17, 2007, the Court held that service was presumptively effected on

BCBSA and the A&G Defendants pursuant to Rule 4(e)(1) because, under Pennsylvania law, non-Pennsylvania residents, such as BCBSA and the A&G Defendants, may be served by mail. (Doc. 46.)

It appears, however, that what Warren mailed to BCBSA and the A&G Defendants was not proper service of a summons and a copy of the complaint, but rather a request for waiver of service. *(See* Verification of Mark Oberstaedt ¶¶ 2-5, Ex. A-D.) Neither BCBSA nor any of the A&G Defendants have agreed to waive service or returned the waiver, and Warren has not attempted to perfect service in any other manner. Merely mailing a request for a waiver does not itself effect proper service. *See* Fed. R. Civ. P. 4(d), advisory committee notes ("The revised rule is clear that, if the waiver is not returned and filed, ... the action will not otherwise proceed until formal service of process is effected."). Because Warren has failed to effect service on BCBSA and the A&G Defendants within the time prescribed by Rule 4(m) and this Court's order of August 9, 2007, the complaint against them shall be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court shall grant the motions to dismiss of the A&G Defendants (Doc. 53) and BCBSA (Doc. 54) and dismiss the complaint against them. An appropriate order shall enter.