IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LESTER M. WARREN,  :
*Executor of the Estate of Barbara J. Warren* :
*and in his own right,*  :
                                                      :
        Plaintiff,  :
                                                      :   No. 07-cv-0188
        v.  :
                                                      :   Judge John E. Jones III
LAURALEE B. BAKER, ESQ., *et al.*  :
                                                      :
        Defendants.  :

## MEMORANDUM AND ORDER

November 16, 2007

By this Memorandum and Order, the Court shall impose sanctions pursuant to Federal Rule of Civil Procedure 11 against William Z. Warren, Esq. (Pennsylvania Attorney I.D. No. 10296), counsel for the plaintiff in this action.

I.    **BACKGROUND**

By order of October 16, 2007 (Doc. 60), the Court gave Attorney Warren notice of possible sanctions against him pursuant to Rule 11(c)(1)(B) and described the specific conduct that supports the imposition sanctions. The Court also ordered Attorney Warren to appear on November 16, 2007 and show cause why he should not be subject to sanctions.

On November 5, 2007, Attorney Warren filed on behalf of the plaintiff, a notice of appeal, appealing the Court's orders dismissing the case-in-chief in this action and attempting to appeal the Court's October 16, 2007 order to show cause why he should not be subject to sanctions. (Doc. 61.)

Attorney Warren did not appear before the Court on November 16, 2007 as ordered.

## II. DISCUSSION

Rule 11 provides for sanctions against an attorney that presents a pleading or motion to the court for any improper purpose, such as to harass, cause unnecessary delay, or increase the cost of litigation or where the pleading or motion is not well-grounded in fact or law. *See* Fed. R. Civ. P. 11(b); *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995). "The central purpose of Rule 11 is to deter baseless filings in the District Court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Rule 11 is also meant to discourage abusive and dilatory litigation tactics. *See* Fed. R. Civ. P. 11, Advisory Committee Notes.

Pursuant to Rule 11(c)(1)(B), the Court may, on its own initiative, describe the conduct that appears to violate Rule 11 and order an attorney to show cause why he has not violated the rule.

In this case, in its October 16, 2007 order (Doc. 60), the Court has set forth in detail the conduct of Attorney Warren that warrants the imposition of Rule 11 sanctions. The Court will not repeat the details of this conduct again here. In summary, however, Attorney Warren initiated and prosecuted this action for improper purposes and without legal or factual basis. Attorney Warren's purpose for bringing this action was to slander public officials, to harass opposing parties and their attorneys, and to put dozens of defendants to the cost of defending this litigation. The claims and contentions made by Attorney Warren in the complaint were devoid of any legal or factual support. Attorney Warren also needlessly delayed this action by failing to provide proof of service as to numerous defendants. When ordered by the Court to furnish proof that he had served these defendants, Attorney Warren misrepresented that he had done so. Further, Attorney Warren filed two frivolous motions for reconsideration, completely lacking in proper purpose and legal and factual support, the purpose of which was to hurl insults at opposing parties and counsel and to impugn the integrity of the Court. Finally, sanctions are warranted against Attorney Warren because his submissions in this case have been pervaded by a steady stream of uncivil, disrespectful, and unprofessional *ad hominem* attacks on the parties, opposing counsel, and this Court.

The Court provided Attorney Warren the opportunity explain this conduct; however, Attorney Warren chose not to take this opportunity to show cause why he should not be sanctioned.[1]

Based on the conduct summarized above and detailed in the Court's October 16, 2007 order (Doc. 60), the Court finds that Rule 11 sanctions against Attorney Warren are warranted in this case. The advisory committee notes to Rule 11 note that the Court has significant discretion in determining the type of sanction to be imposed and that "[t]he court has available a variety of possible sanctions to impose for violations, such as striking the offending paper; issuing an admonition, reprimand, or censure; requiring participation in seminars or other educational programs; ordering a fine payable to the court; referring the matter to disciplinary authorities." The Third Circuit has noted that monetary sanctions are one method of achieving the purposes of Rule 11, but that a district court should consider a wide range of alternative possible sanctions to achieve Rule 11's main purpose of deterring undesirable behavior. *Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa.*, 103 F.3d 294, 301 (3d Cir. 1996).

---

[1] Attorney Warren's attempted appeal of the Court's October 16, 2007 order to show cause why he should not be sanctioned did not relieve Attorney Warren of his obligation to appear before the Court. The attempted appeal is also impermissibly interlocutory, as the Court had not yet imposed any sanction against Attorney Warren but was clearly and explicitly giving him the chance to demonstrate why sanctions should not be imposed.

In this case, Attorney Warren's conduct evinces a clear misunderstanding of the proper purposes of the civil justice system, a deliberate ignorance of substantive law, and total disregard for his professional responsibilities. Attorney Warren's actions in bringing and prosecuting this case call into doubt his fitness to practice before this or any other court. The Court shall therefore refer this matter to the Disciplinary Board of the Supreme Court of Pennsylvania for investigation and appropriate discipline.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. William Z. Warren, Esq. is found to have violated Federal Rule of Civil Procedure 11(b).

2. The following sanction is imposed on William Z. Warren, Esq.:

    a. The Clerk of the Court is directed to send a copy of –

        i. this Memorandum and Order (Doc. 66);

        ii. the Complaint (Doc. 1);

        iii. the Court's Order of August 7, 2007 (Doc. 36);

        iv. the Court's Orders of August 9, 2007 (Docs. 37, 38, 39, and 40);

        v. the plaintiff's Motion for Reconsideration (Doc. 41) and brief in support thereof (Doc. 45);

vi.  the plaintiff's "Certificate of Service" (Doc. 44);

vii.  the Court's Order of September 17, 2007 (Doc. 46);

viii.  the plaintiff's plaintiff's Motion for Reconsideration (Doc. 52) and brief in support thereof (Doc. 55);

ix.  the Verification of Mark J. Oberstaedt (Doc. 53-3); and

x.  the Court's Memorandum and Order No. 4 of October 16, 2007 (Doc. 60),

to Paul J. Killion, Chief Disciplinary Counsel, The Disciplinary Board of the Supreme Court of Pennsylvania, 200 North Third Street, Harrisburg, Pennsylvania 17101.

_____
John E. Jones III
United States District Judge